# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>**ROBERT SUTHERLAN MACLEAN,**<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-CR-153-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Robert Sutherland MacLean's Motion for Review of Detention. Defendant seeks reconsideration and revocation of his order of detention pursuant to 18 U.S.C. § 3145. On January 27, 2025, the court held a hearing on the detention appeal. At the hearing, Defendant was present and represented by his counsel Aaron B. Clark, and the United States was represented by Michael Kennedy. This court has reviewed Defendant's motion and the law and facts relevant to the determination of Defendant's pretrial detention or release. Being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Defendant is charged with abusive sexual contact in the special aircraft jurisdiction of the United States in violation of 18 U.S.C. §§ 2244(b), which carries a two-year statutory maximum term of imprisonment. On November 27, 2024, Defendant had an initial appearance and detention hearing before Magistrate Judge David C. Keesler in the Western District of North Carolina. Magistrate Judge Keesler detained Defendant, finding that no release condition would

reasonably assure Defendant's appearance or the safety of any other person and the community. Defendant filed the present motion appealing Magistrate Judge Keesler's detention order.

ANALYSIS

"The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is *de novo*." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). Under 18 U.S.C. §3142 of the Bail Reform Act, a defendant may only be detained if the court finds that "no condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." The United States bears the burden of proof in demonstrating by a preponderance of the evidence that the defendant is a flight risk or by clear and convincing evidence that the defendant is a danger to the community. *Cisneros*, 328 F.3d at 616.

The relevant factors to consider in making that determination are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the charged offense, the weight of the evidence against the person, the history and characteristics of the person, family ties, employment, length of residence in the community, drug abuse, criminal history, and the nature and seriousness of the danger to any person or the community posed by the person's release. *See id.* § 3142(g).

In this case, Defendant argues that the court can set conditions to reasonably ensure his appearance and that he is not a risk to the community. With respect to the nature of the offense, Defendant argues that his offense carries only a two-year maximum sentence, and, with his criminal history, his Guidelines range would likely be 8-14 months, if convicted. The incident in question occurred in March 2022 and the United States did not issue an Indictment until over a year later in April 2023. The United States then delayed in executing the arrest warrant because

his phone tracking showed that he was in France and of a technical error with his place and date of birth.  The United States did not move forward with the case until Defendant contacted them about the arrest warrant he discovered when trying to renew his business license.  The United States has not proceeded as thought the case was overly serious. Defendant denies any wrongdoing and contends that the evidence shows that even at the time of the alleged offense, the passenger making the charges declined to move seats. While the alleged conduct is serious, it does not rise to the level of many other offenses before the court. It carries only a two-year maximum sentence.  The United States argues that it could have charged a more serious offense, but it did not do so.

     With respect to the weight of the evidence, Defendant argues that the case is entirely dependent on the testimony of the alleged victim because the flight attendant reported that she did not hear or observe any offensive behavior despite watching and listening for it. And there is evidence that the flight attendant passed a note to the passenger alleging the violation about changing seats and she declined to do so.  Defendant denies any wrongdoing.  The case will come down to the credibility of the witnesses at trial.  At this point, the evidence is not so strongly against Defendant that it impacts the court's decision on detention.

     As to Defendant's history and characteristics, Defendant has a sporadic criminal history, dating back many years, that appears to be related to alcohol abuse. Despite this criminal history, Defendant is a successful engineer and has strong family connections.  He financially supports two of his three children because they are still in school.  His close ties to his family and support system weigh in favor of release.

     The United States is concerned with Defendant's travel.  However, the court sees nothing nefarious about spending Thanksgiving in Bermuda with his son.  Defendant had a return ticket

and plans for after he returned. His travel to France was to help his sister with cancer treatments. The court is not concerned with Defendant's travel with respect to whether he is a flight risk. Defendant has strong ties with his family in the Untied States and is not looking at a significant sentence.

The United States further argues that Defendant appears to be a flight risk because he should have turned himself in once he talked to the F.B.I. about the warrant. But the court finds that his decision to retain an attorney and confirm that the arrest warrant, with an incorrect place and date of birth, applied to him was a reasonable response. Although Defendant has some old charges for failure to appear for minor offenses, the court does not find him to be a flight risk at present.

The more concerning aspect of Defendant's travel is his behavior on flights. Defendant argues that he is not a danger to the community even though the alleged behavior in the case is offensive. Defendant states that he has flown approximately 140 times since the alleged offense and has not been charged with any other offenses. The United States, however, alleges that there was another incident on a flight two months after the charged offense where Defendant was disorderly and faces a civil enforcement action. But the incident did not result in any new charges. The court believes that the pendency of the present case and conditions of release could manage Defendant's behavior on flights. The court can impose a restriction on Defendant's use of alcohol and require him to get permission from his probation officer to fly. With such supervision, the court does not believe Defendant would violate such conditions and jeopardize his defense in this case by engaging in offensive behavior.

After a full consideration of the § 3142 factors, the court concludes that the standard conditions of release and a restriction on alcohol and requirement of obtaining permission to fly

will assure Defendant's presence at future court hearing and the safety of the community. The government has not met its burdens of demonstrating that Defendant is a flight risk or an unmanageable danger to others. Accordingly, the court GRANTS Defendant's Motion to Revoke Detention. The court will issue a separate order with the specific Conditions of Release Defendant must follow.

DATED this 27th day of January 2025.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge