Aaron B. Clark (15404)
Jordan E. Westgate (16098)
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111
Telephone: (801) 415-3000
aaron.clark@dentons.com
jordan.westgate@dentons.com

*Attorneys for Defendant, Robert Sutherland MacLean*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNTIED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT SUTHERLAND MACLEAN,<br><br>    Defendant. | **MOTION IN LIMINE TO EXCLUDE EVIDENCE OF MR. MACLEAN'S DRUG ADDICTION HISTORY**<br><br>Case No: 2:23-CR-00153<br><br>Judge Dale A. Kimball |

Defendant Robert MacLean ("**Mr. MacLean**"), through counsel, respectfully submits this Motion in Limine to Exclude Evidence of Mr. McLean's Drug Addiction History ("**Motion**"). Specifically, Mr. MacLean moves this Court to exclude from trial any testimony as to statements allegedly made by Mr. MacLean or the Alleged Victim concerning past drug use, including Mr. MacLean's alleged comments regarding his personal history of cocaine use, on the grounds that such evidence is inadmissible under Federal Rule of Evidence 403. The probative value of these statements, if any, is substantially outweighed by the danger of unfair prejudice, risk of confusion, and potential for improper character inference, rendering them inadmissible at trial.

SL_8030870.1

**RELIEF REQUESTED AND SUPPORTING GROUNDS**

The government has advised defense counsel of its intent to introduce testimony, through the Alleged Victim, regarding a conversation she had with Mr. MacLean where he purportedly commented about his past drug addiction and cocaine use and asked about her drug use. In response, she allegedly told Mr. MacLean that she has never done drugs because she was a "rule follower." The government intends to introduce this testimony as part of its case-in-chief.

This conversation has no meaningful relevance to the charged offense and, even if minimally probative, it poses a serious risk of unfair prejudice under Rule 403. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). "The court has not only the discretion but also the duty to exclude evidence of little or no relevance or probative value which might have a prejudicial effect." *Sec. State Bank v. Baty*, 439 F.2d 910, 913 (10th Cir. 1971); *see also Therrien v. Target Corp.*, 617 F.3d 1242 (10th Cir. 2010) (affirming exclusion of evidence of plaintiff's felony conviction for marijuana possession because evidence was unfairly prejudicial in negligence action against store operator).

Mr. McLean's alleged history of drug use, and specifically the conversation regarding his drug addiction and the Alleged Victim's response to Mr. McLean's question, is not probative of any material fact as to the charged crime. Mr. MacLean is accused of engaging in sexual contact,

2

specifically touching the breasts of the Alleged Victim, without her permission, with the intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of another person, in violation of 18 U.S.C. § 2244(b). This crime requires proof that Mr. MacLean "knowingly engage[d] in sexual contact with another person without that other person's permission." *Id.*; *see also United States v. Forster*, 549 F. App'x 757, 768 (10th Cir. 2013). Of course, these elements have nothing to do with drug use. The statements do not make it more or less probable that the alleged conduct occurred. The jury can evaluate the alleged conduct on the plane without knowing Mr. MacLean's prior drug use or whether he engaged in this discussion with the Alleged Victim. Testimony regarding this part of the conversation is therefore not probative of the charged offense.

The testimony, on the other hand, invites unfair prejudice into the trial. Introduction of testimony regarding this conversation may suggest to the jury that Mr. MacLean is a person of poor character, or someone prone to violating societal norms, making it more likely—unfairly—that he committed the charged offense. This is precisely the inference Rule 403 is designed to prevent. *See, e.g.*, *Rodriguez v. Senor Frog's de la Isla, Inc.*, 642 F.3d 28, 35 (1st Cir. 2011) (affirming the exclusion of evidence relating to plaintiff's prior alcohol consumption because it was more prejudicial than probative under Rule 403); *United States v. Corsmeier*, 617 F.3d 417 (6th Cir. 2010) (finding that evidence of past cocaine use was improperly admitted at trial of defendant charged with mortgage fraud because its minimal probative value was outweighed by its highly prejudicial effect); *United States v. Silverman*, 745 F.2d 1386, 1398 (11th Cir. 1984) (affirming exclusion of defendant's history of cocaine use in a prosecution for corruptly endeavoring to influence administration of justice because the evidence was either irrelevant or was relevant but presented a danger of confusing or unfairly prejudicing the jury).

3

This case involves a totally separate determination of whether Mr. MacLean knowingly engaged in unwanted sexual contact with the Alleged Victim. Introducing a short back-and-forth regarding Mr. MacLean's alleged, prior drug use will only cause unfair prejudice. Because the proposed testimony regarding Mr. MacLean's alleged drug addiction and related remarks presents a high risk of unfair prejudice and little-to-no probative value, the Court should exclude this evidence under Rule 403 and prohibit the government from eliciting testimony from the Alleged Victim about this irrelevant conversation.

DATED this 9th day of July, 2025.

**DENTONS DURHAM JONES PINEGAR**

_/s/ Aaron Clark_

Aaron B. Clark
Jordan E. Westgate

*Attorneys for Defendant,*
*Robert Sutherland MacLean*

4

SL_8030870.1