FELICE JOHN VITI, Acting United States Attorney (#7007)
MICHAEL KENNEDY, Assistant United States Attorney (#8759)
BRYAN N. REEVES, Assistant United States Attorney (DC#994799)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
email: michael.kennedy@usdoj.gov

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  2:23-cr-00153-DAK |
| Plaintiff, | RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF MR. MACLEAN'S DRUG ADDICTION HISTORY |
| vs. | |
| ROBERT SUTHERLAND MACLEAN a.k.a. 'BOBBY', | Senior District Judge Dale A. Kimball |
| Defendant. | |

The United States of America, by and through the undersigned Assistant

United States Attorney, hereby respectfully submits its response to the Defendant's

Motion in Limine to exclude reference to his statements to the victim claiming a

drug addiction history ("Motion", Doc. 54).  The Motion should be denied.

## Background

In original discovery, the United States disclosed an FBI 302 detailing an interview with the victim, Witness A.[1]  In the interview, Witness A described, among other things, her conversation with the defendant on the airplane at the beginning of the flight.  The defendant made numerous statements to Witness A about his background and other matters.[2] As relevant to the Motion, the report of the interview states that:

> [the defendant] spoke to [Witness A] about drug addiction and that he had previously been addicted but 'God had gotten him through it.' [The defendant] told [Witness A] that he had been addicted to cocaine and asked [Witness A] if she had ever used cocaine. [Witness A] stated she told [the defendant] she had never done any drugs and was a 'rule follower'.  [Witness A] stated that [the defendant] liked that answer and told [Witness A] that she was his 'type' and he found her very attractive.  [Witness A] ignored [the defendant's] comment . . ..[3]

At trial, Witness A is expected to testify about this described conversation as a part of her overall testimony.

---

[1] The United States wishes to dispel any inference from the defendant's Motion or his request for leave to file the Motion late that there was late disclosure of this matter by the United States. The evidence in question and its implications have been obvious on the face of the discovery from the inception of the case.  The United States merely flagged it for defense counsel in a conference held on July 8, 2025, in an effort to ensure a smooth trial.

[2] The United States has agreed not to use a comment by the defendant from the same conversation that included offensive profanity, as not relevant (it referred primarily to international political events) and potentially unfairly prejudicial.

[3] Discovery, Bates No. RPT-FBI-01-00002.

2

**Argument**

The defendant's comments about his claimed prior use of and addiction to drugs are admissible and the defendant's Motion should be denied.

As an initial matter, the United States disclaims any intent to offer the defendant's statements about his past drug history for their truth, or to establish any prior act pursuant to Rule 404(b). Quite simply, the United States is not seeking to establish that the defendant has a drug history. Rather, it is seeking to establish only his conduct relative to the victim, as well as the state of mind of both the defendant and the victim.

The proposed evidence is relevant. Under Rule 401, evidence is relevant if it has *any* tendency tends to make a fact of consequence more or less probable than it would be without the evidence.[4] This is a low bar. In this case, the United States must prove that the defendant acted knowingly and intentionally, and with the specific intent to abuse, humiliate, harass, or degrade, or to arouse or gratify the sexual desire of any person. Whether the defendant had the required intent is a fact of consequence. And the defendant's challenged comments, which can reasonably be interpreted as attempts to groom the victim, ingratiate himself with her, and test

---

[4] F.R.E. Rule 401 (emphasis added).

3

boundaries – and which conclude with an explicit expression of sexual attraction – make this fact more probable.  Similarly, the United States must prove that the sexual contact with the victim was without her permission.  Her reaction to the defendant's comments establish her state of mind, and make this fact more probable.

Moreover, the proposed evidence is intrinsic to the crime charged. A Rule 404(b) analysis is not applicable, and the evidence is admissible under an ordinary Rule 403 analysis.  "[E]vidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.'"[5]  In *United States v. Parker*, the Tenth Circuit stated the standard as follows:

> Generally speaking, "[i]ntrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *Thomas M. DiBiagio, Intrinsic and Extrinsic Evidence in Federal Criminal Trials: Is the Admission of Collateral Other–Crimes Evidence Disconnected to the Fundamental Right to a Fair Trial*, 47 Syracuse L.Rev. 1229, 1231 (1997).[6]

---

[5] *United States v. Lambert*, 995 F.2d 1006, 1007-08 (*quoting United States v. Pace*, 981 F.2d 1123, 1135 (10th Cir.1992); *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990) (internal quotations omitted)).

[6] *United States v. Parker*, 553 F.3d 1309, 1314-15 (10th Cir. 2009).

4

Moreover, as the court stated in *United States v. Brooks*,[7]

evidence of uncharged acts "is admissible as *res gestae*—intrinsic evidence not subject to Federal Rule of Evidence 404(b)—if it was inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act.' " *Ford*, 613 F.3d at 1267 (internal quotation marks omitted). "Evidence of other crimes should not be suppressed when those facts come in as *res gestae*—as part and parcel of the proof of the offense charged in the indictment." *Id.* (internal quotation marks omitted); *see also United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) ("[B]ackground or *res gestae* evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense.").

Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense. *Hardy*, 228 F.3d at 748.

In this case, the proposed evidence precisely meets these standards for intrinsic evidence. As noted in the Rule 401 analysis above, it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury," as stated in *Parker*. The defendant's comments about his drug history are a direct prelude to the offense, and, in fact his comments in reaction to Witness A's response – that he liked her answer, that she was his 'type', and that he found her very attractive – are part of the offense. Omitting a description of these comments – and Witness A's

---

[7] *United States v. Brooks*, 535 F. Supp. 3d 1144, 1148 (W.D. Okla. 2021).

reaction to them – would render her testimony confusing and incomplete.  Indeed, evidence of the totality of the interactions between Witness A and the defendant provides necessary and essential context to evidence of the crime charged.  As the Sixth Circuit put it in *Hardy*, the evidence is a "prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, [and] completes the story of the charged offense."[8]

Being both relevant and intrinsic to the offense charged, the challenged evidence is admissible subject to an ordinary Rule 403 analysis that its probative value is not substantially outweighed by the danger of unfair prejudice.[9]

The standard under Rule 403 is whether the probative value of the evidence is *substantially* outweighed by *unfair* prejudice to the defendant.[10]  "The danger of unfair prejudice resulting from the evidence's admission must not substantially outweigh the probative value of the evidence under the balancing test of Fed.R.Evid. 403."[11]

The proposed evidence is highly probative of the defendant's actions and intent. His comments are in fact part and parcel of the offense – an obvious and necessary prelude to the unlawful sexual contact that ultimately occurred.

---

[8] *United States v. Hardy*, 228 F.3d 745, 748.
[9] *See, e.g., United States v. Lambert*, 995 F.2d 1006, 1007-08 (citations omitted).
[10] F.R.E. Rule 403 (emphasis added).
[11] *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006).

6

Against this level of probativeness, the Court must balance the potential for *unfair* prejudice. Although prosecution evidence by its nature is prejudicial to the defendant (otherwise it would not be relevant) no *unfair* prejudice can be shown, much less unfair prejudice that *substantially outweighs* the probative value of the evidence.  "'[I]n order for evidence to be inadmissible under Rule 403 the evidence's unfair prejudice must do more than "damage the [d]efendant's position at trial," it must "make[ ] a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged.*'"[12]  In this case, since the proposed evidence is intrinsic to the crime charged – part-and-parcel of the same series of events – the evidence is unlikely to provoke a jury response separate from its response to the other evidence of the charged acts.[13]  While the evidence theoretically could have an emotional effect on the jury troubled by drug use, no evidence is being offered that the defendant ever actually used drugs – only that he *said* he had used drugs and was a recovered addict, which comments were made in the context of his determining the victim's boundaries and potential receptivity to his sexual advances.  So, such a reaction would

---

[12] *Mares*, 441 F.3d at 1156-57 (10th Cir. 2006) (*quoting United States v. Tan*, 254 F.3d 1204, 1211–12 (10th Cir. 2001)) (emphasis added).
[13] *See Williston*, 862 F.3d at 1036 (probative value of testimony about prior abuse "was not substantially outweighed by the danger of any unfair prejudice").

not be separate and apart from the expected effect of the fact that the comments concluded in an expression of attraction and were a prelude to sexual assault.   The jury undoubtedly will be instructed both that the defendant is on trial only for the crime charged against him, and that they are to be guided in their verdict by the facts and evidence, not emotion.  There is no unfair prejudice that substantially outweighs the probative value of the evidence.  Thus, the proposed evidence is admissible under the Rule 403 balancing test.

For the foregoing reasons, the United States respectfully requests that the defendant's Motion be denied.

DATED:     July 10, 2025.

FELICE JOHN VITI
Acting United States Attorney

/s/ *Michael Kennedy*

MICHAEL KENNEDY
BRYAN N. REEVES
Assistant United States Attorneys