Aaron B. Clark (15404)
Jordan E. Westgate (16098)
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111
Telephone: (801) 415-3000
aaron.clark@dentons.com
jordan.westgate@dentons.com

*Attorneys for Defendant, Robert Sutherland MacLean*

---

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNTIED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>ROBERT SUTHERLAND MACLEAN,<br><br>      Defendant. | **REPLY IN SUPPORT OF MR. MACLEAN'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF MR. MACLEAN'S DRUG ADDICTION HISTORY**<br><br>Case No: 2:23-CR-00153<br><br>Judge Dale A. Kimball |

Evidence that Mr. MacLean admitted to the alleged victim that he once suffered from a cocaine addiction threatens to significantly and unduly prejudice him as the jury considers whether he groped her on the flight at issue. Even so, the government asks this Court to deny Mr. MacLean's Motion in Limine to Exclude Irrelevant Drug Addiction Comments (the "Motion"), using the vague and emotionally charged concept of "grooming" to bootstrap otherwise irrelevant and highly prejudicial character evidence into its case-in-chief. Opp. at 3–4. This is not warranted or appropriate, and a proper balancing of factors under Rule 403 reveals the disputed comments

are, at best, minimally probative while threatening significant undue prejudice. They should be excluded.

The government first claims it does not seek to admit the statements at issue for the truth that Mr. MacLean *actually* has a history of cocaine abuse; they seek only to "establish his conduct relative to the victim, as well as the state of mind of both the victim and defendant." Opp. at 3. But the distinction the government attempts here makes little practical difference: the functional effect of admitting these alleged statements – that Mr. MacLean wrestled with a cocaine addiction – will almost certainly result in jurors understanding Mr. MacLean as having admitted to a cocaine addiction, and with that, a history of unlawful conduct. To thereafter expect jurors to dissociate these alleged admissions from their substance, and to avoid considering the negative implications of the substance of these admissions, would stretch even the most reasonable of jurors.

The government next argues the evidence is relevant and intrinsic to the crime charged because it will argue the disputed statements were efforts to groom and test boundaries, concluding with an expression of sexual attraction. Opp. at 3-6. But the challenged comments here add little to the government's case and do not prevent the government from introducing the alleged expressions of sexual attraction. Nor are they necessary to demonstrate that any alleged sexual contact with the alleged victim was without her permission.[1]

The government further claims that Mr. MacLean cannot demonstrate unfair prejudice because it deems the disputed statements "highly probative of [his] actions and intent….an obvious

---

[1]    Mr. MacLean has no intention of arguing that there was consensual sexual contact.

2

and necessary prelude to the unlawful sexual contact that ultimately occurred." Opp. at 6. It also claims that omitting the disputed comments, and the alleged victim's reaction to them, "would render her testimony confusing and incomplete." Opp. at 5-6. But these characterizations appear to significantly overstate both the probative value of evidence, as well as the government's ability to navigate the alleged victim's testimony without these statements. Absent the disputed statements, the alleged victim could still easily offer the generalized observation that, to her, Mr. MacLean appeared to make overly personal disclosures. She could also particularly describe these alleged disclosures as including that his parents had been missionaries who had been to Ukraine, that he did not think much of Russian President Vladimir Putin, that he had children and a daughter attending Northeastern University, and that he was divorced. The alleged victim could then transition, with little probative loss or difficulty, to Mr. MacLean's alleged comments that she was his "type," and he found her very attractive.

The government here also significantly underplays the danger of unfair prejudice, claiming that "no *unfair* prejudice can be shown, much less unfair prejudice that *substantially outweighs* the probative value of the evidence." Opp. at 7 (emphasis in original). It then flatly observes that "the evidence is unlikely to provoke a jury response separate and apart from its response to the other evidence of the charged acts." *Id.* The government later tries to assure the Court again that they only seek to offer evidence that Mr. MacLean *admitted* to being a former cocaine user – they are not seeking to introduce further evidence of his cocaine use. But again, in the minds of most fair-minded jurors, an admission of prior illegal abuse of cocaine obviates the need for further evidence demonstrating that the person making the admission is actually a former cocaine addict.

SL_8045390.1

With that likelihood in mind, the undue prejudice and negative implications of identifying Mr. MacLean as a former cocaine user are readily obvious: a person who admits to having used illegal drugs like cocaine is less trustworthy. In fact, the Court's and the Tenth Circuit's model jury instructions recognize (and affirm) this inference with the explicit admonition that "[t]he testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs."[2] Even if Mr. MacLean does not testify, the jury will still likely to take the disputed comments to attribute to Mr. MacLean an unwarranted skepticism and lack of trust, at best.

And worse, regardless of any prophylactic instructions from the Court on these disputed statements, jurors are likely to take that evidence to make an even more problematic inference: that Mr. MacLean's alleged admission to having broken the law before (repeatedly) in abusing cocaine makes it far more likely that he broke the law in this instance and committed the alleged crime. Such prejudice here would be patently unfair and substantially outweigh any probative value in the disputed statements. They should therefore be excluded.

DATED this 14th day of July, 2025.

DENTONS DURHAM JONES PINEGAR

 /s/ Aaron Clark
Aaron B. Clark
Jordan E. Westgate

*Attorneys for Defendant,*
*Robert Sutherland MacLean*

---

[2]    *See* Kimball_Criminal Stock Jury Instructions, at 41; Tenth Circuit Pattern Criminal Instruction 1.16.

4