# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> vs. <br><br> **ROBERT SUTHERLAND MACLEAN,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:23-CR-153-DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Defendant Robert Sutherland MacLean's Motion in Limine to Exclude Evidence of Mr. MacLean's Drug Addiction History [ECF No. 54]. The parties have fully briefed the motion. The court scheduled a hearing on the motion for Wednesday, July 16, 2025, but the court no longer deems the hearing necessary. Therefore, the hearing is vacated. After carefully considering the parties' memoranda as well as the facts and law relevant to the pending motion, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Defendant is charged with a violation of 18 U.S.C. § 2244(b) and 49 U.S.C. § 46506 for alleged abusive sexual contact in the special aircraft jurisdiction of the Untied States. The Indictment states that Defendant, in the special aircraft jurisdiction of the United States, engaged "in abusive sexual contact, to wit, the intentional touching through the clothing of the breast of another person . . . without that other person's permission, and with the intent to abuse, humiliate, harass, and degrade, and to arouse and gratify the sexual desire of any person."

In its original discovery, the United States disclosed an FBI 302 report detailing the FBI's interview with the alleged victim. In her interview with the FBI, the alleged victim described her

conversation with Defendant at the beginning of the flight. In that conversation, Defendant made several comments to the alleged victim about his background and other matters. The portion of the report that is relevant to the pending motion states:

> [Defendant] spoke to [the alleged victim] about drug addiction and that he had previously been addicted but "god had gotten him through it." [Defendant] told [the alleged victim] that he had been addicted to cocaine and asked [the alleged victim] if she had ever used cocaine. [The alleged victim] stated she told {Defendant] she had never done any drugs and was a "rule follower." [The alleged victim] stated that [Defendant] liked that answer and told [the alleged victim] that she was his "type" and he found her very attractive. [The alleged victim] ignored [Defendant's] comment.

At trial, the alleged victim is expected to testify about this conversation as part of her overall testimony of her interactions with Defendant.

## DISCUSSION

Defendant moves the court to exclude from trial any testimony as to statements he allegedly made, or the alleged victim allegedly made, concerning past drug use on the grounds that such evidence is inadmissible under Federal Rule of Evidence 403. Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." Fed. R. Evid. 403. In this case, the United States must prove that Defendant acted knowingly, and intentionally, and with the specific intent to abuse, humiliate, harass, or degrade, or to arouse or gratify the sexual desire of any person. The United States must also prove that the sexual contact with the alleged victim was without her permission.

Defendant argues that his conversation with the alleged victim about his past drug use and her response to his question about her past drug use are not probative to any material fact as to the charged crime of abusive sexual contact. The United States contends that the conversation is relevant to Defendant's conduct toward the alleged victim, the state of mind of both Defendant

2

and the alleged victim, and provides context for his attempt to ingratiate himself with the alleged victim, and test her boundaries. The specific exchange allegedly concluded with Defendant's explicit expression of sexual attraction to the alleged victim and her reaction to ignore the comment.

      Defendant seeks to remove the portion of the conversation he deems prejudicial, but it appears to be intrinsically intertwined with the elements the United States must prove as to the charged offense and both parties' conduct relevant to that offense. While a past of prior drug use does not immediately appear to relate to the likelihood that sexual abuse occurred, the court must consider the context in which the statements were made. Defendant was sitting next to a stranger on an airplane. It is relevant that Defendant turned a somewhat personal conversation about family background facts toward very personal matters. It is also relevant that Defendant stated that "God got him through" his addiction, a comment that appears to be vulnerable and ingratiating. Defendant then allegedly probes into the alleged victim's personal background with drugs, a very personal question to ask the person next to him on an airplane. When the alleged victim answers that she has no past drug use because she is a "rule follower," Defendant allegedly states that he likes her answer, that she is his "type,' and then he expresses his attraction to her.

      Defendant asks that the alleged victim's testimony as to their beginning conversation be edited to include only his alleged disclosures that his parents had been missionaries in Ukraine, that he did not think much of Russian President Vladimir Putin, that he had children and a daughter attending Northeastern University, that he was divorced, and then the alleged victim could transition "with little difficulty" to his alleged comments that she was his "type" and he found her very attractive. This proposed edit seeks to completely remove the highly personal,

3

intimate, and vulnerable past drug use comments leading up to his professed attraction. Without that context, it would have the effect of making the statement of attraction almost an off-handed comment and place it in a much lighter context than the one in which it occurred. The edit would delete any discomfort the alleged victim might have felt in having a person next to her on an airplane delve into such personal matters. Defendant claims that the alleged victim can just generally state that Defendant raised personal issues without providing any details of the most personal matters he raised. The personal details Defendant then states she should be able to include are things that might not be too unusual to share. While that is more information than most people might share with the person sitting next to them on an airplane, it does not give an accurate picture of the alleged level of intimacy Defendant was attempting to achieve or the level of discomfort the alleged victim may have been feeling. Past drug use and overcoming it with help from God is quite personal.

     Defendant's proposed edit to the conversation would also preclude the jury from understanding the context in which the alleged victim chose to simply ignore the comment about his attraction rather than state something more definitive in response. Do you say something firm or even rude in response to stop him in his tracks? Apparently, he now relies on God. How harmful could he be? The jury will be charged with determining whether Defendant's actions were without the alleged victim's permission. The jury is going to be critiquing both party's actions and needs context to determine both parties' states of mind. The alleged victim should not be kept from giving the context of what she experienced and how uncomfortable she may have started to feel, or the difficulty she felt in responding to increasingly uncomfortable situations, because Defendant decided to raise and probe into such personal issues, which he now claims are more prejudicial than probative of what allegedly happened between the two parties.

4

Defendant claims that the United States' use of the term "grooming" is charged. But Defendant allegedly got unusually personal with someone sitting next to him on an airplane. They were not in a bar sitting next to each other on barstools. They were randomly assigned to sit next to each other for the duration of a flight. Defendant raised an unusually personal topic, expressed vulnerability and deliverance from God, tried to get the alleged victim to talk about her own personal history, and then allegedly "made his move," which she ignored. The evidence before the court appears to be a manipulative conversation to ingratiate himself with the alleged victim. The United States' use of the term "grooming" is not as "charged" as Defendant claims because it appears to be appropriate.

Defendant is concerned that his profession of being a former addict and drug user will weigh on his credibility with the jury. However, the court does not find the conversation to be unfairly prejudicial. The proposed evidence is highly probative of Defendant's actions and intent and is part and parcel of the offense and provides the context for what the alleged victim experienced. Whereas, the alleged testimony does not state that Defendant is currently abusing drugs, only that he overcame his claimed past addictions through God. The jurors will be instructed that Defendant is only on trial for the offense alleged and that they must determine the verdict based on the evidence, not emotion.

The court concludes that the evidence of the conversation is intrinsic in the alleged offense, and Defendant has shown no unfair prejudice that substantially outweighs the probative value of the evidence. Therefore, the proposed evidence is admissible under the Rule 403 balancing test.

## CONCLUSION

Based on the above reasoning, Defendant's Motion in Limine [ECF No. 54] is DENIED.

DATED this 15th day of July 2025.

BY THE COURT

_____
DALE A. KIMBALL
United States District Judge