IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROBERT SUTHERLAND MACLEAN,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-CR-153-DAK<br><br>Judge Dale A. Kimball |

　　　　This matter is before the court on Defendant Robert Sutherland MacLean's Motion for New Trial [ECF No. 92]. The motion is fully briefed. The court does not believe that a hearing would significantly aid in its determination of the motion. Therefore, after carefully considering the memoranda submitted by the parties and the law and facts relevant to the motion, the court issues the following Memorandum Decision and Order.

## LEGAL STANDARD

　　　　Rule 33 of the Federal Rules of Criminal Procedure permits a court to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Tenth Circuit disfavors the granting of new trials and states that caution should be used in granting them. *United States v. Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969). The court grants a new trial only "in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994). "The burden of demonstrating prejudicial error is on the defendant, and new trials should not be granted if a defendant's substantial rights have not been affected." *United States v. Yoakam*, 168 F.R.D. 41, 44 (D. Kan. 1996).

## ANALYSIS

Defendant's motion seeks a new trial based on the court's refusal to admit police reports as prior statements of the victim and the court's refusal to give the jury a lesser-included offense instruction.

### A. Impeachment Based on Police Reports

Defendant argues that the court erred in prohibiting the admission of police reports to cross-examine and impeach the victim. At trial, Defendant sought to question the victim with allegedly inconsistent statements in police reports that the reports' authors attributed to her. The court has a fundamental disagreement with Defendant on this issue. Defendant argues that the statements attributed to the victim in police reports are prior statements by the victim. However, the court continues to believe that the information in the police reports are not prior statements by the victim. In this case, the victim had not seen those reports and did not approve of their contents. The information in a police report is the statement of the police officer, not the person being interviewed. The officer may state something in a report in vague terms that does not accurately reflect the specific information the victim may have told the officer. The court properly precluded Defendant from impeaching the victim with statements from police reports as though those statements or summaries were her own.

The court did not err in limiting the use to which the reports could be put. The defense was merely precluded from publishing the contents of the law enforcement reports to the jury or otherwise suggesting to the jury that the report's contents were the statements of the victim. The defense was free to ask the victim if she made a statement that was reflected in the report, and the defense did so. The defense was also free to subpoena the officers who wrote the reports. The court told the defense during the trial that calling the officers was the solution if it wanted the

officers' reports to come in to evidence. The defense in fact called one of the officers to testify about allegedly inconsistent statements. The evidence demonstrates that the jury had adequate information to assess the victim's "credibility, motives, or possible bias." *United States v. Cueto*, 151 F.3d 620, 638 (7th Cir. 1998).

The court agrees that it would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations." *Palermo v. United States*, 360 U.S. 343, 350 (1959). The statements in the law enforcement reports, inconsistent or not, were not the victim's own statements. Therefore, the court did not preclude or limit any proper cross-examination of the victim about the officers' statements or the officers' characterizations of the victim's statements in their law enforcement reports.

Defendant has a fundamental right to confront the victim, but "this does not mean that the defendant is free to impeach a witness 'in whatever way, or to whatever extent the defense might wish.'" *United States v. Holden*, 557 F.3d 698, 704 (6th Cir. 2009). The defense extensively cross-examined the victim about supposedly inconsistent statements she had allegedly made to investigators. The only prior statement attributed to the victim about which counsel asked no substantive questions regarding alleged inconsistencies was the one prior statement she acknowledged as her own—her report to the FBI tip line. Defendant was also free to call any of the officers who had written reports. He decided to call only Officer Ruiz. But the defense did not subpoena other officer even though the court told the defense "to get the officers in here and ask them." Defendant had adequate impeachment opportunities, and the court finds no violation of his Sixth Amendment right to confrontation. There is no constitutional error in this case. Accordingly, Defendant's motion for a new trial on these grounds is denied.

### B. Lesser-Included Offense Instruction

Defendant also claims that the court erred in refusing to give a lesser included offense instruction for simple assault. Defendant requested the lesser-included offense instruction on July 17, 2025, six days after the court's deadline for submitting jury instructions. The United States concedes that Defendant properly requested the instruction, but the instruction was not submitted according to a reasonable deadline provided by the court. Under Rule 30(a) of the Federal Rules of Criminal Procedure, "[t]he request must be made at the close of the evidence *or at any earlier time that the court reasonably sets*." In this case, the court set July 7, 2025, as the deadline for submitting proposed instructions. The parties then sought additional time, which the court granted, and the deadline for submitting proposed instructions was moved to July 11, 2025. The parties agreed to that date on June 4, 2025, more than a month before the deadline. The court finds no basis for determining that the deadline, agreed upon by the parties and the court, was unreasonable. Therefore, under Rule 30, Defendant was required to comply with the reasonable deadline set by the court.

Recognizing that his requested instruction was untimely, Defendant claimed in his request that he filed the proposed instruction while preparing for trial and as soon as it became apparent that the instruction was appropriate. However, this conclusory statement is not supported by any facts. Defendant did not identify what facts or evidence came to light after the deadline that would make the request appropriate. Relevant witness statements and police reports had been in the defense's possession for months. Defendant had that information when the parties were instructed to submit instructions. The court's Trial Order provided the parties with a date for exchanging proposed jury instructions and time for meeting to discuss which instructions could be submitted as stipulated instructions and which would be contested. During

that process, the parties in this case stipulated to a set of instructions that did not include a lesser-included offense instruction. Defendant did not give this court any information to support his request for requesting the instruction after the deadlines. Defendant provided no factual or evidentiary explanation for not complying with the reasonable deadline put in place by the court and parties. Because Defendant did not comply with the deadline reasonably set by the court, Defendant failed to comply with Rule 30(a) and the court properly denied the request.

Even if the court were to consider the request, Defendant has not made any argument that would change the court's determination to deny the request. The lesser-included offense is a subset of the charged offense. However, Defendant must demonstrate that "the element required for the greater, charged offense that is not an element of the lesser offense [is] in dispute; and . . . [that] the evidence [is] such that the jury could rationally acquit the defendant on the greater offense and convict on the lesser offense." *United States v. Bruce*, 458 F.3d 1157, 1162 (10th Cir. 2006).

Defendant argues that a jury could have ignored all the other evidence in the case and only believed the flight attendant's testimony that Defendant touched the victim's knee when he was trying to get her to have another drink. He asserts that the knee touching is objectively non-sexual. But to warrant the instruction, Defendant needed to present evidence that negated the disputed element of intent in all its forms (sexual contact with the intent to abuse, humiliate, harass, or degrade, or to arouse or gratify the sexual desire of any person) while not negating the elements of the lesser -included offense. "[A] lesser included instruction is not necessary or appropriate unless justified by the evidence and it is not to be used to subject an element of mercy." *United States v.* Chapman, 615 F.2d 1294, 1299 (10th Cir. 1980).

5

Given the evidence in this case, no jury could have rationally concluded that only a knee touch occurred. The jury would need to accept the flight attendant's testimony that the knee touch happened but disregard the rest of the flight attendant's testimony. The flight attendant testified that the victim told her that Defendant was getting "handsy" and making inappropriate comments, that the victim gave her a note that Defendant was "groping" her and would be alright to stay in her seat if Defendant was sleeping, and that the victim had gone from being friendly and happy to shielding herself from Defendant and crying during the flight. Defendant spent most of his effort discrediting Defendant, not the flight attendant. In fact, there is nothing in the record discrediting the testimony of the flight attendant. Given the evidence from the flight attendant, there is no rational reason that a jury would believe her testimony of seeing Defendant touch the victim's knee and disbelieve her remaining testimony as to Defendant complaining that Defendant was being :handsy," receiving a note for help from the victim, who stated she was being groped, felt humiliated ("like an idiot"), and would only be alright staying by Defendant if he remained asleep, and witnessing the victim crying as she tried to shield herself from Defendant. There is no evidence in the record that the flight attendant disbelieved anything the victim alleged. The testimony about the knee touch merely corroborates the remaining testimony that Defendant touched the victim in a familiar manner. The knee touching does not negate the substantial evidence of sexual intent that was corroborated by two witnesses. Given the entirety of the flight attendant's testimony, the court concludes that, despite Defendant's admission that the flight attendant's testimony about him touching the victim's knee was true, no rational jury could acquit Defendant on the greater offense under 18 U.S.C. § 2244(b) and convict him on the lesser offense of simple assault.  Therefore, the court finds that there were no grounds for giving

a lesser-included offense instruction for simple assault. Accordingly, the court concludes that there are no grounds for a new trial.

## CONCLUSION

Based on the above reasoning, Defendant's Motion for New Trial [ECF No. 92] is DENIED.

DATED this 30th day of September 2025.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge